Original,
No. 6078.

## PETITION OF NEW HAMPSHIRE BAR ASSOCIATION.

June 30, 1970.

*John S. Holland* and *Richard C. Kohls* ( by brief and orally ), for the petitioner.

KENISON, C.J.  Petition of the New Hampshire Bar Association, by its president, Stanley M. Brown, praying that the supreme court adopt rules to permit the practice of law in the corporate form as established by the Professional Associations Statute. RSA 294-A:1-8 ( supp. ); Laws 1969, 111:1 effective July 5, 1969. The petition was filed pursuant to a vote of the New Hampshire Bar Association on January 31, 1970 authorizing the president to appoint a committee to petition this court for the adoption of rules permitting attorneys to practice law in the corporate form as authorized by RSA 294-A:1-8 ( supp. ); Laws 1969, 111:1.

A copy of the petition dated April 30, 1970, together with the three proposed rules of the New Hampshire Supreme Court for the practice of law by professional associations submitted by the committee, was sent to each member of the New Hampshire bar. This notice to each member of the bar stated that memoranda on the petition could be submitted by May 25, 1970 and that a court hearing on the petition was scheduled for 2:00 P.M., June 2, 1970. No one appeared in opposition to the proposed rules of court for the practice of law in the corporate form.

The power and authority of the supreme court to supervise and regulate the practice of law has been recognized and acknowledged from an early date by custom, practice, judicial decision and statute. *Bryant's Case,* 24 N.H. 149, 158; *Ricker's Petition,* 66 N.H. 207, 210-11, 29 A. 559, 560-61; RSA 490:4; RSA ch. 311; Laws 1970, ch. 2; *Harrington's Case,* 100 N.H. 243, 123 A.2d 396; *In re Unification of the New Hampshire Bar,* 109 N.H. 260, 263, 248 A.2d 709, 711; Supreme Court Rules RSA 490:app. It was in recognition of this power and authority that the bar association filed the present petition even though the statutes (RSA 294-A:1-8 (supp.); Laws 1969, 111:1; Laws 1970, ch. 2) authorized the practice of law in the corporate form. *In re Rhode Island Bar Association,* 263 A.2d 692 (R.I. 1970).

In no less than forty-seven states there is legislation authorizing professional corporations or professional associations. This legislation was enacted to allow members of the professions to incorporate or form a professional association so that the members could obtain certain tax and corporate advantages not previously allowed to individual taxpayers or partnerships. Smith and Ault, The Corporate Professional — *United States* v. *Empey,* 54 Mass. L.Q. 14 (1969); Bittker, Professional Service Organizations: A Critique of the Literature, 23 Tax. L. Rev. 429 (1968); O'Neill, Professional Service Corporations: Coping with Operational Problems, 31 J. Taxation 94 (1969); 4 Cavitch, Business Organizations *s.* 81.01 (1969).

Neither the Professional Associations Statute (RSA 294-A (supp.); Laws 1969, 111:1) nor the proposed rules detract from the essentially personal relationship of attorney and client. Only individuals admitted to practice law in this state may be members of such an association. The supreme court retains its control over the admission to practice of any individual who seeks to practice in this state and the court continues to have authority to supervise and regulate the practice of law within the state. All attorneys as well as the professional association itself are subject to the disciplinary powers of the court. The professional association places no barrier between the authority of the court and the individual practitioner. " If a means can be devised which preserves to the client and the public generally, all of the traditional obligations and responsibilities of the lawyer and at the same time enables the legal profession to obtain a benefit not otherwise available to it, we can find no objection to the proposal. " *Re*

*Florida Bar,* 133 So. 2d 554,556 ( Fla. 1961 ); Annot., 4 A.L.R.3d 383; 4 Cavitch, Business Organizations *s.* 82.03 ( 1969 ).

The proposed rules for the practice of law by professional associations, which we adopt, will be known as Supreme Court Rule 22 to read as follows:

## RULE 22

## RULE TO ALLOW THE PRACTICE OF LAW BY NEW HAMPSHIRE PROFESSIONAL ASSOCIATIONS.

1. Persons admitted to the practice of law by this court who become members of professional associations organized pursuant to the laws of the State of New Hampshire are not prohibited by these rules from engaging in the practice of law, so long as such professional associations and all of its shareholders, officers and directors have complied with the applicable provisions of the laws of the State of New Hampshire and the rules of practice of this court, including the Code of Professional Responsibility.

2. All shareholders, officers and directors of a professional association engaging in the practice of law shall be persons admitted to the practice of law by this court; provided, however, that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration.

3. No member of the bar of this state shall be a stockholder, director or officer of more than one professional association organized to practice law within the State of New Hampshire; provided, however, that a lawyer who is acting as the fiduciary representative of the estate of a lawyer may hold the stock of the lawyer in another professional association for a reasonable time during administration of the estate.

It may be noted that rule 22 is consistent with and in conformity to the Code of Professional Responsibility adopted by the American Bar Association and adopted by the New Hampshire Bar Association without dissent in January 1970. Specifically, rule 22 complies with Ethical Consideration 5-24 of the Code and Disciplinary Rule 5-107 ( C ). The combination of the statutory provisions, rule 22 and the Code of Professional Responsibility will protect the public interest. The traditional relationship of attorney and client will not be disturbed. All of the regulatory and disciplinary powers of this court remain unchanged.

Whether an attorney is practicing in the form of a professional association, as a member of a partnership or as an individual, the traditional responsibilities of loyalty, fidelity, confidentiality and integrity exist. The adoption of the rules, will, however, permit an attorney to have the flexibility to determine which manner of organization will best serve his interests and those of the public. 7 Mertens, Law of Federal Income Taxation *s.* 38A.32a ( 1967 ); Note, Professional Corporations and Associations, 75 Harv. L. Rev. 776 ( 1962 ); 6 Fletcher Cyc. Corp. *ss.* 2523.1 and 2524 ( rev. vol. 1968 ).

Sometime in the future it may be necessary to adopt additional rules but we have not attempted to anticipate what they will be or when they will be necessary. Note, Professional Corporations: Analysis Under The Tax Reform Act and Survey of State Statutes, 58 Geo. L.J. 487 ( 1970 ). Nor have we sought to answer any questions which have . not been argued by counsel. Rule 22 will be effective July 1, 1970.

*Supreme Court Rule 22 adopted; effective July* 1, 1970.

All concurred.