279 A.2d 432 (1971)
Petition of the RHODE ISLAND BAR ASSOCIATION.
No. 1156-M.P.
Supreme Court of Rhode Island.
July 6, 1971.
Daniel J. Murray, Providence, Paul F. Murray, Newport, John H. Blish, A. David Tammelleo, Providence, for petitioner.
Oliver Crandall, Westerly, Ronald W. Del Sesto, Thomas D. Gidley, Albert A. Nutini, John J. Pendergast, III, Providence for respondent.

ORDER
On August 28, 1970, the Rhode Island Bar Association, a statewide association of attorneys, who are licensed to practice before the courts of this state, filed a petition with this court requesting us to enter an order directing unification of the bar of this state under such terms and conditions as we shall deem proper.
The petition includes the following pertinent allegations. The Rhode Island Bar Association was organized in 1898 and was incorporated under the laws of this state as a nonbusiness corporation. Its membership presently numbers 1,000 of the approximately 1,300 attorneys admitted to practice before our state courts. The present annual dues is $50 with lesser dues for members who have practiced for less than five years. The petition continues with a description and explanation of the numerous programs and activities which the petitioner has sponsored and intends to sponsor in the future, all related to the welfare and benefit of the bar and the general public, and to the better administration of justice.
The petitioner further alleges that all these programs and activities inure to the benefit of all Rhode Island attorneys whether or not they are members of petitioner, and, therefore, each member of the bar should contribute his fair share of annual dues to cover the cost of such programs and activities. It states that the purpose of unification is to enable the bar association to more effectively serve the court, the bar and the public by reinforcing programs, by more widespread participation by the bar, and by providing financial support for the necessary activities enumerated in this petition.
*433 The petitioner points out that unification of the bar has been the method adopted by 30 states, Puerto Rico and the Virgin Islands, and that approximately one half of the remaining 20 states are instituting proceedings for unification.
The petitioner explains that unification of the bar simply requires that all attorneys now or hereafter admitted to practice in this state shall become members of the Rhode Island Bar Association and maintain their membership by the payment of annual dues.
The petitioner next explains the procedure it adopted and followed prior to the filing of the instant petition. On November 19, 1969, it appointed a special committee of lawyers to consider the feasibility of unification of the bar. After consultation with the Chief Justice of this court, the special committee met with local bar associations and other representatives of the practicing bar throughout the state. After careful consideration this special committee recommended to petitioner that the bar of this state be unified.
The petitioner thereafter forwarded to each member of the bar of this state, whether a member of petitioner or not, whose address was known to petitioner, a pamphlet and a postage prepaid card on which such member of the bar could indicate his/her approval of unification. A copy of each is attached to the instant petition as "Exhibit A." The pamphlet, which is entitled, "The Rhode Island Bar Should Be Unified," contains a summary of the programs and activities which petitioner has carried on and explains the reasons why unification of the bar should be ordered. The pamphlet also contains the following request:
"If you are in favor of getting the maximum benefit from our Association by unifying all our efforts, please send us the enclosed post card right away."
The post card reads as follows:
"Rhode Island Bar Association:
"I am in favor of the unified bar.
 "Name ______________________________
 (Legibly please)
 "Address ___________________________
 "___________________________________"
Over 1,000 communications were mailed. In response 518 members of the bar indicated their approval and 30 indicated disapproval.
The petitioner, acting through its Executive Committee, voted to accept and approve the report of the special committee that the Rhode Island Bar be unified and directed that a petition praying for unification of the bar be filed with this court. In accordance with such action the instant petition was filed in this court. In addition to the request for an order for unification, petitioner asked that we enter an order assigning this petition for hearing and providing for notification to those who may wish to be heard.
On October 14, 1970, an order was entered in this court giving notice to members of the Rhode Island bar and to any and all persons interested that the instant petition had been filed in this court. We provided therein that any interested person would be allowed 50 days from the date of said order to file a written memorandum herein setting forth his reasons or grounds, if any, why this court should not enter an order granting the petition as prayed. We also provided therein that petitioner would be allowed 20 days thereafter in which to file its memorandum in support of the petition. Additionally, by an order entered on the same day, we directed petitioner to insert a copy of such order in two newspapers of statewide circulation in this state within the following 10 days. The petitioner complied with this order. No memoranda in opposition to the petition were filed within the prescribed period.
On December 18, 1970, we requested petitioner to designate attorneys to prepare *434 briefs and argue orally the reasons why we should or should not grant the petition. The petitioner complied with our request and designated distinguished counsel to carry out this assignment.[1] Excellent briefs were filed by the designated counsel and, on April 7, 1971, they presented their oral arguments before us.
We have read and considered the briefs of opposing counsel and take this occasion to express our appreciation to all counsel who have given of their time and efforts in aiding the court in this matter. Although this court has the power to order unification of the bar of this state, Rhode Island Bar Ass'n v. Automobile Service Ass'n, 55 R.I. 122, 179 Atl. 139, In re Rhode Island Bar Association, 106 R.I. 752, 263 A.2d 692, the question before us is whether we should exercise our power to do so in this proceeding. We recognize that many states have already sanctioned unification of their bars just as we recognize the fact that other states are in the process of doing so.
We have reached no conclusion, as yet, as to whether unification of the bar should or should not be ordered in this state on the basis of the present record. The relief sought by petitioner involves a drastic change in that any person desiring to practice law in this state will be compelled by law to be a dues-paying member of the Rhode Island Bar Association. We are not satisfied that a poll, such as was taken by petitioner, indicating that 518 members of the bar favored unification, and 30 opposed, is an adequate expression of the feelings and sentiments of the lawyers presently licensed to practice in this state. Approximately 752 members of the bar of this state have not expressed an opinion one way or the other. The notice on the post card indicates that petitioner sought replies only from those members of the bar who were in favor of unification. So construed it would appear that approximately 752 members of the bar did not approve unification.
Since the proposed change is a drastic one, we believe that we should have the benefit of a broader expression of opinion from the members of the bar after the members themselves have been better informed by petitioner of the proposed change and the contents of its proposed by-laws and constitution. We have read many of the cases cited by the opposing parties and are especially impressed with the procedure followed by the New Hampshire Bar Association. See In Re Unification of New Hampshire Bar, 109 N.H. 260, 248 A.2d 709. As the court noted in that case, id. at 262, 248 A.2d at 711, the bar association itself established a procedure to be followed in connection with the presentation of the petition for unification. It included (1) mailing copies of the petition and copies of the proposed constitution and by-laws to all members of the New Hampshire bar and Bar Association concurrently with its filing of the petition in the New Hampshire court, and (2) making copies of its brief available without cost to all members of the New Hampshire bar on request.
We believe that a procedure substantially similar to the one used by the New Hampshire Bar Association would be not only adequate, but very helpful to the members of the bar of this state and to this court. Accordingly, if the petitioner desires to pursue its petition, then it shall prepare and mail copies of the instant petition and of the proposed constitution and by-laws to all members of the Rhode Island bar, whose addresses are known to it, and that it make copies of its brief and that of *435 its opponents available without cost to all members of the Rhode Island bar on request. Additionally, petitioner and opponents shall prepare a form of ballot, for our approval, to be mailed to all members of the Rhode Island bar concurrently with the copies of the instant petition, proposed constitution and by-laws, offering such members an opportunity of expressing their opinion for or against unification. Pending the completion of the suggested procedure and the new vote, we reserve jurisdiction of this petition and withhold decision on the merits.
NOTES
[1] The following attorneys were designated to prepare briefs and argue orally in favor of the petition:
 Daniel J. Murray John H. Blish
 Paul F. Murray A. David Tammelleo

The following were designated to prepare briefs and argue orally in opposition thereto:
 Oliver Crandall Thomas D. Gidley
 Ronald W. Del Sesto Albert A. Nutini
 John J. Pendergast III