MELBY, Plaintiff-Appellant, v. O'MELIA, and others, Defendants-Respondents.†

Court of Appeals

*No. 78–202. Submitted on briefs July 31, 1979.—
Decided November 13, 1979.*
(Also reported in 286 N.W.2d 373.)

For the appellant the cause was submitted on the brief of *DeBardeleben & Snyder* of Park Falls.

For the respondents the cause was submitted on the brief of *Schmitt, Nolan & Hartley* of Merrill.

Brief amicus of The State Medical Society of Wisconsin was filed by *Murphy, Stolper, Brewster & Desmond, S.C.* of Madison.

Before Dean, P.J., Donlin, J., and Foley, J.

DEAN, P.J. This is an appeal from an order dismissing Melby's first cause of action and granting declaratory relief to respondents. The facts are as follows: Prior to June 15, 1977, Melby and the respondents were associated in the practice of law. Their association took the form of a service corporation, which

---

† Petition to review denied.

was organized on February 9, 1971, pursuant to sec. 180.99, Stats. On June 15, 1977, Melby withdrew from the service corporation. Unfortunately, the organizers of the corporation made no provisions in their by-laws or articles of incorporation for the acquisition of the shares of a shareholder who withdraws, and this controversy developed when Melby sought liquidation of his interest in the corporation.

Melby's first cause of action sought an accounting and dissolution of the service corporation according to partnership standards. Respondents counterclaimed for a declaratory judgment, holding that a service corporation is not to be dissolved as a partnership in the event that one of the shareholders withdraws from the corporation. The trial court dismissed Melby's first cause of action and granted respondents' request for declaratory relief, holding that the case should be decided by corporate law standards. This appeal follows.

The statute authorizing the formation of service corporations, sec. 180.99, is a recent one, and the issue before this court, insofar as our research discloses, has not been decided in this or in any other jurisdiction. We conclude, however, that the provisions of sec. 180.99 mandate that the case should proceed according to the corporate provisions of ch. 180, and that the trial court was correct in its decision.

The first sentence of sec. 180.99(3), Stats., provides that:

Other provisions of this chapter [ch. 180, Business Corporations] shall be applicable to such corporations, including their organization, and they shall enjoy the powers and privileges and be subject to the duties, restrictions and liabilities of other stock corporations, excepting as such powers may be limited or enlarged by this section.

Service corporations may only be organized by persons who have the same license, certificate or registration

and only such persons may own shares in it. Section 180.99(2), Stats. The powers are limited since the statute does not permit any alteration of any contract, tort or legal relationship between the professional and the patient or client. It further provides that any legal liability arising out of the performance of services shall be joint and several among the shareholders of the same service corporation. Section 180.99(8), Stats.

Limitations on the powers of service corporations are designed to protect the individual client or general public. The Rhode Island Supreme Court noted the effect of similar limitations when, in upholding that state's professional service corporation law, it stated:

"In substance, *insofar as the relationship of attorney and client and of attorney and the general public is concerned,* practice in corporate form will be as we have previously pointed out, substantially similar to the practice of law as it presently exists in firms operating as law partnerships." *In re Rhode Island Bar Association,* 106 R.I. 752 at 763, 263 A.2d 692 at 698 (1979). [Emphasis added.]

Those limitations, however, are not designed to protect the professional shareholders in their relationships with each other. In the absence of any specific authority to the contrary, we conclude that corporate standards should apply when a shareholder withdraws from a service corporation.

This conclusion is further bolstered by a reading of sec. 180.99(10)(a), Stats., which provides that "[a] corporation under this section shall have perpetual existence until dissolved in accordance with other provisions of this chapter." This provision for perpetual existence is in direct contradistinction to sec. 178.26, Stats. [Uniform Partnership Act], which provides for partnership dissolution "by the express will of any partner when no definite term or particular undertaking is specified."

Section 178.26 (1) (b), Stats. Since the statute specifically provides for perpetual existence, appellants' withdrawal from the service corporation does not automatically terminate the association according to partnership standards.

Even though this holding decides the appeal, because our decision does not finally terminate the litigation in this case, we discuss an additional issue raised by Melby. Specifically, he claims that because lawyers are bound by the Code of Professional Responsibility, corporate law should not apply.

It has been recognized that ethical considerations prohibit an attorney from being a shareholder in more than one service corporation engaged in the practice of a single profession at any one time. The New Hampshire Supreme Court, in interpreting its service corporation statute, promulgated Rule 22, which provides in part: "[n]o member of the bar of this state shall be a stockholder, director or officer of more than one professional association organized to practice law within the State of New Hampshire." *In re New Hampshire Bar Association,* 110 N.H. 356, 358, 266 A.2d 853, 855 (1970). A provision of Rhode Island's professional service corporation law reads: "[n]o such individual may be an officer, shareholder, director or employee of any other corporation engaged in the practice of the same profession." R.I. GEN LAWS §7–5.1–3 cited in the case of *In re Rhode Island Bar Association,* 106 R.I. 752, 756, 263 A.2d 692, 694 (1979).

Attorneys are in a unique position because their profession is governed by specific ethical standards, and we cannot say that in all situations a service corporation composed of lawyers will be treated like a regular business corporation. The legislature, in enacting sec. 180.99 (10) (c), Stats., provided a manner of sale and purchase of shares of a service corporation when the owner of those shares became disqualified to practice.

This is an acknowledgment by the legislature that a service corporation is not identical to a general business corporation.

Ethical considerations may require, when one member of a service corporation voluntarily leaves that service corporation, that he be compensated for his shares in the service corporation at a fair value. We will specifically address this issue, however, when it comes before us.

*By the Court.*—Order affirmed.