Frank A. CARTER, Jr., Chief Disciplinary Counsel

v.

Aram K. BERBERIAN.

No. 81–418–M.P.

Supreme Court of Rhode Island.

Aug. 26, 1981.

Frank A. Carter, Jr., pro se.

Samuel A. Olevson, Providence, for respondent.

## OPINION

PER CURIAM.

The respondent, an attorney authorized to practice law in this state, is before us on an order to show cause why we should not accept the recommendation of this court's Disciplinary Board (the Board) that he be disciplined for violation of DR 3–101(A) of the Code of Professional Responsibility in that he aided a nonlawyer in the unauthorized practice of law. Many of the pertinent facts are undisputed.

The respondent was one of the incorporators of Plantations Legal Defense Services, Inc. (PLDS) which was incorporated as a Rhode Island nonbusiness corporation on or about August 14, 1974, in accordance with the provisions of G.L. 1956 (1969 Reenactment) chapter 6 of title 7. This chapter relates to the formation of nonbusiness corporations and does not relate to the formation of professional service corporations that are governed by chapter 5.1 of title 7. Plantations Legal Defense Services, Inc. was incorporated for the express purpose of "rendering legal defense aid and assistance to persons from the entire State of Rhode Island * * *." The respondent has been employed as executive director of PLDS since its incorporation. A hearing panel of the Board conducted hearings on this case on July 8, 1980, and August 20, 1980. The findings and conclusions of the hearing panel were adopted by the full Board at a meeting held on April 23, 1981. The findings of fact of the Board included the following:

"The name PLDS appeared on all legal papers, briefs and other documents in numerous cases for clients.

"PLDS offered to perform legal services and did perform legal services.

"PLDS did business with its clients as a corporate form of law firm."

The respondent aided PLDS by serving as its executive director since its incorporation and by acting as its "chief lawyer who handles all the litigation, legal research and other legal activity for people who seek the services of PLDS."

■ By way of defense against these findings, respondent raises two issues. First he contends that DR 3–101(A) relates only to unauthorized practice by "human beings." This position is untenable in the light of our decision in *Rhode Island Bar Association v. Automobile Service Association*, 55 R.I. 122, 179 A. 139 (1935), in which we held that the distinction between unauthorized practice of law by a corporation, as in *In re Co-operative Law Co.*, 198 N.Y. 479, 92 N.E. 15 (1910), and the unauthorized practice of law by a voluntary association operating under a trade name was not important. Moreover, more recently we stated in *In re Rhode Island Bar Association*, 106 R.I. 752, 263 A.2d 692 (1970), that

"any corporation organized pursuant to the professional service corporation law must, before it commences to practice, apply for and receive from this court, or from any committee or board appointed by it, a license to practice, and subject also to the condition that such corporation comply with all rules, regulations and orders issued by this court regulating the practice of law." *Id.* at 759, 263 A.2d at 696.

We further stated that the professional-service-corporation law does not permit ordinary business corporations to practice law and that only corporations organized under the act [chapter 5.1 of title 7] are permitted to do so. *See also* Sup.Ct.R. 41. Clearly, a corporation, as well as an association or an individual, may engage in the unauthorized practice of law, and an attorney who aids in such unauthorized practice of law violates DR 3–101(A).

As his second issue, respondent contends that PLDS is a legal-aid or public-defender office operated by a bona fide nonprofit community organization and that therefore his "dignified cooperation" is protected by DR 2–103(D)(1)(b). He argues that PLDS should not be treated differently from the Legal Aid Society or from Rhode Island Legal Services, Inc., both of which have

been specifically authorized [1] by the General Assembly to represent indigent persons. The Board found that PLDS was not a bona fide community organization but was "virtually a one-man show, that man being the respondent." The Board further found that in general PLDS charged or sought to charge its clients for its services instead of serving indigents without charge as do the Legal Aid Society and Rhode Island Legal Services, Inc. Therefore the Board recommended to this court that it censure respondent and order him to cease and desist from aiding PLDS in its unauthorized practice of law.

Upon receipt of this decision and recommendation, we directed respondent to appear before the court on May 28, 1981, to show cause why he should not be disciplined. At that time counsel for respondent appeared and requested that he be permitted to file a brief. This request was granted, and the brief was duly filed.

After reviewing the transcript of the testimony before the hearing panel and the decision of the Board, we are of the opinion that the Board's decision was supported by clear and convincing evidence. The defenses raised by respondent are transparently without merit. In essence, the respondent was carrying on in association with this corporation a general practice of law, both civil and criminal. Most of the clients were being charged for services rendered; retainer agreements were signed, and every effort was made to obtain fees for services. One of the principal nonpaying clients served by PLDS in this court and in other courts was respondent himself. There is no claim either before the Board or before us that respondent was or is indigent.

Consequently, it is clear from the evidence and the findings that the respondent, instead of forming a professional-service corporation pursuant to the provisions of chapter 5.1 of title 7, which corporation

would be subject to regulation by this court and subject to the obligations set forth by the General Assembly in chapter 5.1 of title 7 (including the providing of malpractice insurance) chose to follow a course not authorized by law. In aiding PLDS in the unauthorized practice of law, the respondent violated DR 3–101(A).

We therefore adopt the recommendation of the Board and hereby order the respondent to cease and desist forthwith from aiding Plantations Legal Defense Services, Inc. in its unauthorized practice of law, and further, we hereby publicly censure the respondent for violation of DR 3–101(A).

1. General Laws 1956 (1969 Reenactment) § 11–27–18 exempts the Legal Aid Society from the provisions of chapter 27 of title 11, which provisions forbid, and impose penalties for, the unauthorized practice of law by individuals and corporations. In respect to Rhode Island Legal Services, Inc. that corporation was formed by a special act of the Rhode Island General Assembly, Act of February 28, 1969, Acts and Resolves of 1969 at 1425, for the purpose of rendering legal assistance to persons unable to pay the cost of maintaining their legal rights.