[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT AS TO SECOND COUNT
The defendant has filed a Motion for Summary Judgment as to the second count of the amended complaint.
The plaintiffs are two attorneys who were employees and stockholders of the defendant professional service corporation. They terminated their employment with the defendant and formed their own professional corporation.
In the second count the plaintiffs allege they were not paid the full value of their stock and seek dissolution of the defendant corporation pursuant to 33-382 of the general statutes to protect and enforce their rights.
The defendant has submitted a memorandum of law with attached affidavits. The plaintiffs have not submitted a brief or other documents or affidavit. CT Page 8733
 "When motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380 must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavits of the movant . . . `Such affidavits, documents and pleadings will be considered on determining whether there is a genuine issue as to any material fact' . . . Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, cannot refute evidence properly presented to the court under Practice Book 380." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 12
(1983); cf Citizens National Bank v. Hubney, 182 Conn. 310, 312 (1980).
Given the nature of the claims being made in this case the plaintiffs can only seek the relief provided for in 33-382 of the general statutes if they act in the capacity of shareholders when they seek the relief.
The court has examined the shareholders' agreement, the affidavit of Attorney Cuthbertson and the letters and portions of the agreement attached to the affidavit.
There is no factual dispute that the plaintiffs terminated their employment relationship with the defendant law firm. The court also finds that pursuant to the agreement and the documents mentioned, there is no dispute that the plaintiffs are no longer shareholders in the defendant professional corporation. Section 4.1 of the agreement to which the plaintiffs were signatories provides that if the employment relationship is terminated the corporation "shall" redeem the shareholder's stock. Section 5.6 provides that when a call for redemption of the stock has been made and sixty days have passed, then the corporation may deposit the redemption price for each share to the credit of the shareholder in a bank. When the deposit is made and notice thereof given to the shareholders, as was done here, the agreement goes on to say — "such shareholder shall have no other or further CT Page 8734 recourse or right against the corporation on account of such stock.
A reading of the second count indicates that the plaintiffs dispute the method of valuation of their shares. In paragraph 6 the plaintiffs claim that in the event the plaintiffs' employment with the defendant is terminated the "defendant is required to redeem their shares for a price reflective of the full value of such shares, including amounts due pursuant to the Deferred Compensation Agreement" (emphasis added). This would seem to conflict with the defendant's assertions that the value of the stock must be computed pursuant to 5.1 of the agreement which does not refer to any value to be added to the stock by reference to the Deferred Compensation Agreement. However, any claims the plaintiffs may have in regard to the appropriate valuation of the stock is separate and distinct from their right to bring a dissolution action under 33-382 of the general statutes.
The court concludes there is no issue of fact in dispute relative to the determination of the plaintiffs' right to relief under 33-382. The court further concludes that not being shareholders the plaintiffs have no right to bring an action for dissolution. The defendant's motion for summary judgment is granted as to the second count.
The court should note that the defendant in its brief makes reference to several cases which stand for the proposition that it would be inappropriate for a lawyer to be a member of more than one professional corporation. Melby v. O'Melia, 286 N.W.2d 373, 374 (Wis. 1979), Petition of New Hampshire Bar Association, 266 A.2d 853, 855 (N.H. 1970), In the Matter of Rhode Island Bar Association,263 A.2d 692, 694 (R.I. 1970). The court agrees with this analysis as well as the proposition that when 33-182g and33-182c are read together it is clear that one can be a shareholder in a professional corporation only so long as the attorney-sharehold is employed for that corporation. The plaintiffs' employment having terminated, it would seem they should not retain the status of shareholders.
It is unclear, at least to the court, in what manner the defendant wanted the court to consider these arguments in deciding this motion. Suffice it to say, however, that CT Page 8735 the court agrees with the defendant's analysis; as a matter of public policy an attorney should not be a member of more than one professional association. In that sense it gives added reason for the court to interpret the contents of the shareholders' agreement so as not to conflict with that public policy and conclude that the plaintiffs can no longer be considered shareholders of the defendant professional association.