**Astrida HEAL**

v.

**Stephen HEAL.**

**No. 98–577–Appeal.**

Supreme Court of Rhode Island.

Dec. 1, 2000.

Carol A Zangari, Providence, for Plaintiff.

James J. Lepore, Providence, Amy R. Tabor, Pawtucket, Edward P. Nolan, Jr., Lauren E. Jones, Providence, Michael T. Eskey; John DiMeglio, North Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

GOLDBERG, Justice.

This case came before this Court on an appeal from a Family Court decision imposing a monetary sanction upon the defendant's attorney based on a finding by the trial justice that counsel filed and litigated a frivolous counterclaim in which the defendant sought custody and physical possession of his minor children.

### Facts and Travel

In the decision pending entry of final judgment in this divorce matter, the trial justice made the following findings of fact: Mr. Stephen Heal (husband or defendant) and Mrs. Astrida Heal (wife or plaintiff) were married in the State of Rhode Island on November 13, 1974. The plaintiff filed a complaint for divorce in Kent County Family Court on October 24, 1996. There were five children born of the marriage, three of whom were minors at the time the complaint was filed, Christopher, born September 11, 1982; Michael, born April 7, 1989; and Adam, born September 10, 1993.

Throughout the course of the marriage, plaintiff was employed as a school teacher in the Providence school system. The trial justice found that plaintiff was the nurturing parent and primary caretaker for the parties' five children and that, at all times, she conducted herself as a fit and proper parent and a faithful wife, performing all the obligations of the marriage covenant. She also provided for the husband throughout his many years of alcoholism.

The trial justice found that in addition to the husband's long history of alcohol abuse, he was unable to hold a job and he participated in extended periods of emotional abuse toward his two older children. This abuse alienated the children and caused them to fear the possibility of their father's obtaining custody of their younger brothers. The trial justice also found that the husband's failure to exercise visitation with his younger children throughout the long divorce proceeding is continuing evidence of his failure to put the best interests of his children first. Finally, the trial justice found that husband's efforts to obtain custody of his children were,

"totally lacking in good faith and that his purposes in pursuing this issue have been to pressure Mrs. Heal into some sort of settlement favorable to the defendant and to make good on his threat to make the plaintiff's life 'a living hell' for initiating these proceedings. The Court further finds Mr. Heal's actions in this regard have wasted substantial Court time and caused the plaintiff to expend unnecessary legal expenses, thereby wasting an already financially overburdened marital estate. His lengthy pursuit of this issue is hereby found to be frivolous."

Despite such an abuse of process, resulting in the further waste of marital assets, the trial justice found that husband had no ability to pay wife's counsel fees.

However, based upon these findings, the trial justice, *sua sponte* imposed monetary sanctions upon husband's attorney, Edward P. Nolan, Jr. (Nolan). The court found that counsel failed to make a reasonable inquiry into whether there were sufficient grounds to support the husband's attempt to gain custody and physical possession of the children. Further, the court found that counsel "should have known" that husband's attempt at obtaining custody of the children was made in bad faith and would result in a waste of the court's

time as well as a waste of the already sparse marital estate. It is the imposition of these sanctions from which Nolan seeks our review. Several issues have been raised in Nolan's brief, as well as the briefs submitted by the various *amici curiae*.[1] We shall discuss those issues that we deem central to this appeal.

## Discussion

The authority upon which the trial justice relied when imposing sanctions consists of Rule 11 of the Family Court Rules of Procedure for Domestic Relations (Family Court Rule 11) and G.L.1956 § 9–29–21. In this case we are called upon to interpret and clarify Rule 11[2] and we shall thereupon review the history and development of the rule. Family Court Rule 11 is identical to the original version of Rule 11 of the Superior Court Rules of Civil Procedure (Superior Court Rule 11) that was modeled after the 1938 version of Rule 11 of the Federal Rules of Civil Procedure (Federal Rule 11). Since 1938, Federal Rule 11 has been significantly revised on two separate occasions, once in 1983, and then again in 1993. In 1995, Superior Court Rule 11[3] was revised to more closely resemble the 1983 version of the Federal Rule. However, Family Court Rule 11 has never been amended or changed, and continues to follow the 1938 version of the Federal Rule.

This Court has stated that where the Federal rule and our state rule are sub-

---

1. We gratefully acknowledge the *amici curiae* briefs submitted by the Rhode Island Trial Lawyers Association, the Rhode Island Bar Association and the Rhode Island Affiliate of the American Civil Liberties Union.

2. Rule 11 of the Family Court Rules of Procedure for Domestic Relations provides:

 "**Signing of pleadings.**—Every pleading of a party represented by an attorney shall be personally signed by at least one (1) attorney of record in the attorney's individual name and shall state the attorney's address. A party who is not represented by an attorney shall personally sign his or her pleading and state his or her address. A pleading which seeks a divorce or separation shall be verified by the party seeking such relief. In all other actions pleadings need not be verified or accompanied by affidavit unless otherwise specifically required by rule or statute. The signature of an attorney constitutes a certificate by the attorney that he or she has read the pleading; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is included."

3. Rule 11 of the Superior Court Rules of Civil Procedure provides:

 "**Signing of pleadings, motions, and other papers; sanctions.**—Every pleading, written motion, and ·other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and telephone number shall be stated. An attorney, however, need not sign answers to interrogatories nor objections to requests for admission which have been signed by a party. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address and telephone number. * * * *The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. * * * If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, any appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (As amended September 5, 1995)." (Emphasis added.)

stantially similar, we will look to the Federal courts for guidance or interpretation of our own rule. *Smith v. Johns–Manville Corp.*, 489 A.2d 336 (R.I.1985); *see Nocera v. Lembo*, 111 R.I. 17, 20, 298 A.2d 800, 803 (1973); *Giarrusso v. Corrigan*, 108 R.I. 471, 472, 276 A.2d 750, 750 (1971). For these reasons, Federal precedent offers significant guidance, particularly with respect to the rule's due process considerations.

### Family Court Rule 11 and G.L.1956 § 9–29–21

We shall first discuss the issue of whether the finding made by the trial justice that Nolan knew or should have known that husband's claim for custody was not made in good faith comports with the subjective good faith standard of Family Court Rule 11. Nolan has also challenged whether § 9–29–21 provides a lawful basis for the imposition of sanctions by the trial justice. It was argued that the standard under § 9–29–21 [4] is one of objective reasonableness that is in direct conflict with the subjective good faith standard that the Family Court Rule 11 encompasses, and therefore cannot be the basis for the sanctions ordered here.

 It is well established that in situations in which a statute and a rule approved by the Rhode Island Supreme Court are in conflict, the court rule prevails. G.L.1956 § 8–6–2(a); G.L.1956 § 8–1–2; *Berberian v. New England Telephone and Telegraph Co.*, 114 R.I. 197, 330 A.2d 813 (1975); *Rhode Island Bar Association v. Automobile Service Association*, 55 R.I. 122, 179 A. 139. (1935). The statute is unaffected by the rule when each deal with entirely different types of conduct. *In re Rhode Island Bar Association*, 106 R.I. 752, 762, 263 A.2d 692, 697 (1970). We have often held that the Legislature can act "in aid of" the court's jurisdiction over the practice of law. *Unauthorized Practice of Law Committee v. State Department of Workers' Compensation*, 543 A.2d 662, 664 (R.I.1988); *In re Rhode Island Bar Association*, 106 R.I. at 760–64, 263 A.2d at 696–98. Accordingly, § 9–29–21 creates a remedy that can be used by the courts of this state to deal with pleadings that are not objectively reasonable.

 In *Forte Brothers, Inc. v. Ronald M. Ash & Associates*, 612 A.2d 717 (R.I. 1992), we had occasion to consider whether an objective standard of reasonableness was applicable in the original version of Superior Court Rule 11 and we noted that Superior Court Rule 11 had not yet been amended and "[t]herefore, the subjective standard remain[ed] applicable in deter-

---

4. General Laws 1956 § 9–29–21 provides:

"**Attorney or unrepresented party must sign papers—Sanctions for frivolous suits.**—In any legal action based upon a cause of action arising on or after July 1, 1987, every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his or her individual name, whose address and telephone number shall be stated. A party who is not represented by an attorney shall sign his or her pleading, motion, or other paper and state his or her address and telephone number. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. *The signature of an attorney or party constitutes a certificate by him or her that he or she has read the pleading, motion, or other paper; that to the best of his or her knowledge, information, and belief formed after reason-* *able inquiry it is well grounded in fact and is warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." (Emphasis added.)

mining whether the pleadings are in fact violative of the pleading process." *Forte Brothers Inc.*, 612 A.2d at 724. "A claim is not made in 'bad faith' so as to shift the burden of costs so long as the claim has some legal and factual basis when considered in light of the reasonable belief of the individual making the claim." *Id.* (quoting *Quill Co. v. A.T. Cross Co.*, 477 A.2d 939, 944 (R.I.1984)). Thus, so long as the pleader has a good faith belief that the pleading has some merit in light of the facts and circumstances known at the time, and that it was not interposed for delay, the imposition of sanctions is improper. *See D'Amario v. State*, 686 A.2d 82, 85 (R.I.1996).

We are satisfied that Family Court Rule 11 can be analogized to our holdings in *D'Amario* and *Forte Brothers* and that the subjective standard of the rule remains applicable. We are also satisfied that the rule and the statute are not in direct conflict with each other, the primary difference being that the rule applies a subjective good faith standard where the statute applies an objective reasonableness standard. Although good faith and honesty is required in every pleading in Family Court, § 9–29–21 mandates that the pleader make a *reasonable inquiry* that the claim is *"well grounded* in fact" and is *"warranted* by existing law." Clearly, the subjective belief of the person making the claim is not sufficient under the statute and an additional duty of good faith investigation obtains.

■ Family Court Rule 11 provides that "[f]or a willful violation of this rule an attorney may be subjected to appropriate disciplinary action," this language is limited to willful and knowing misconduct. Rather, under Rule 11, the filing of a claim that the attorney knows is frivolous or intended for delay is a willful violation of the rule. Similarly, a claim for which there is no reasonable legal or factual basis that is filed nonetheless constitutes a willful violation of the rule.

■ Accordingly, the statute in conjunction with the rule permit the Family Court to deal with a full range of inappropriate conduct by a litigant or counsel. For these reasons, § 9–29–21 need not give way to the rule. In this case the trial justice specifically found as follows:

"The Court finds that defendant's counsel *failed to make reasonable inquiry* as to whether defendant's allegations were supported by sufficient grounds and that they were not interposed for the purpose of delay. The Court further finds that defendant's counsel *knew or should have known that defendant's* prayer for custody was not made in good faith and that the lengthy litigation of this issue would waste court time and the resources of the plaintiff." (Emphasis added.)

We are satisfied that both were properly invoked by the trial justice in the circumstances of this case, in which the claim was filed so late in the proceeding and only after the settlement negotiations had collapsed. Further, the defendant/husband's failure to support these children during the marriage, coupled with his failure to visit with them or show any interest in their well-being during the entire time this case was pending in the Family Court is further support for the conclusion that the counterclaim for sole custody was frivolous and filed for an inappropriate purpose. We glean no evidence in the record that demonstrates that Nolan made a reasonable inquiry into the factual basis for the demand for sole custody and placement of the minor children with defendant and are equally hard-pressed to conclude that the claim was made under Nolan's reasonable belief that a factual basis supporting the claim for sole custody existed in light of the circumstances of this case.

Lastly, we reject the argument that this is a case of "fee shifting." It is clear from the record that the trial justice imposed sanctions based upon his conclusion that counsel violated Family Court Rule 11, a finding that did not depend on the conduct

of the client nor the client's ability to pay his wife's attorney's fees. The record in this case demonstrates that the custody claim was made on the eve of trial, after settlement negotiations with respect to the marital property had collapsed. Thus the trial justice did not err in finding the claim to be completely lacking in merit.

### Due Process Considerations

The next issue for our consideration is whether the imposition of sanctions without notice or an opportunity to be heard violated the due process rights of trial counsel. Absent extraordinary circumstances, due process requires that an offender be given notice and an opportunity to be heard before sanctions are imposed. *Boddie v. Connecticut,* 401 U.S. 371, 377–79, 91 S.Ct. 780, 785–87, 28 L.Ed.2d 113, 118–20 (1971); *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). The requirements of due process were implicit in the earlier versions of Federal Rule 11 and mandated in the 1983 version of the Federal Rule, which requires that an individual be given notice and an opportunity to be heard before the imposition of Rule 11 sanctions. Fed.R.Civ.P. 11(c) and advisory committee notes; *see Sanko S.S. Co., Ltd. v. Galin,* 835 F.2d 51, 53 (2d Cir.1987); *Tom Growney Equipment, Inc. v. Shelley Irrigation Development, Inc.,* 834 F.2d 833, 835 (9th Cir.1987); *Gagliardi v. McWilliams,* 834 F.2d 81, 82–83 (3d Cir.1987); *Donaldson v. Clark,* 819 F.2d 1551, 1558 (11th Cir.1987); *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 405 (6th Cir.1987); *Eavenson v. Holtzman,* 775 F.2d 535, 540 (3d Cir.1985). The current version provides that any attorney or accused party shall be provided with written notice and an opportunity to be heard,

pursuant to a show cause order. *See* Fed. R.Civ.P. 11(c)(1)(B). The rule also requires that the individual upon whom sanctions are to be imposed be afforded an opportunity to respond *before* sanctions are levied. *See* Fed.R.Civ.P. 11(c). A subsequent hearing to alter or amend the sanctions that have been previously imposed does not satisfy due process, or cure a previous due process violation. *Dailey v. Vought Aircraft Co.,* 141 F.3d 224, 229–30 (5th Cir.1998); *Tom Growney Equipment, Inc.,* 834 F.2d at 836–37; *Textor v. Board of Regents of Northern Illinois University,* 711 F.2d 1387, 1395 (7th Cir.1983).

In the instant case, Nolan was sanctioned for filing a frivolous motion, an eleventh hour counterclaim for sole custody of the minor children. No notice or opportunity to be heard in the form of a show cause order or otherwise was afforded before the sanctions were imposed. Although a short argument was allowed at a hearing on counsel's motion for reconsideration, this hearing does not cure the due process violation that is clearly present in this case. For these reasons, we vacate the order imposing sanctions and remand this case to the Family Court trial justice, so that counsel may be afforded notice and an opportunity to be heard on the propriety of sanctions under the circumstances of this case.[5]

Finally, we take this opportunity to set forth the standard under which Rule 11 sanctions may be imposed in a domestic relations proceeding. We hasten to acknowledge that the attorney-client relationship is one of trust, loyalty and confidentiality requiring the attorney and client to speak freely to each another without the threat of sanctions. *See Farkas v. Sadler,* 119 R.I. 35, 40, 375 A.2d 960, 962 (1977)

---

5. We note that in the order entered by the Family Court trial justice on September 1, 1998, it was stated that "[c]ounsel for the [d]efendant, Coia & Lepore, shall pay the aforesaid sums, * * *." It is clear that Family Court Rule 11 specifies that an "attorney," not a law firm, may be subject to disciplinary action for a violation of the rule. Family Court Rule 11 provides "For a willful violation of this rule *an attorney* may be subjected to appropriate disciplinary action." (Emphasis added.) Although this issue was not raised on appeal, should a subsequent order issue, it must be directed to the attorney.

("the office of attorney admits of the very highest confidence and depends upon a working if not harmonious relationship between counsel and client for its vitality"). "It is the unique quality of legal services, the personal nature of the attorney's duty to the client and the confidentiality of the attorney-client relationship that invoke public policy considerations * * *." *Cerberus Partners, L.P. v. Gadsby & Hannah,* 728 A.2d 1057, 1060 (R.I.1999) (quoting *Goodley v. Wank and Wank, Inc.,* 62 Cal. App.3d 389, 133 Cal.Rptr. 83, 87 (1976)). While participation by an attorney in a pleading to gain an unfair advantage for property distribution or otherwise has always been inappropriate, we recognize that an attorney may not be held responsible for the false communications of a client; nor do we countenance a requirement that an attorney engage in a difficult cross-examination of his or her client prior to the initiation of litigation or the filing of a claim or counterclaim. However, there are situations in which an attorney knows or, in the exercise of due diligence, *should know* that a claim is without merit or is intended to harass or delay a party opponent. As officers of this Court, attorneys ought to know whether a pleading is intended to be abusive or to further delay or whether it is based on the good faith belief that the claim has some merit.

This Court has held that "[a] claim is not made in 'bad faith' so as to shift the burden of costs as long as the claim has some legal and factual basis when considered in light of the reasonable belief of the individual making the claim." *Quill Co. v. A.T. Cross Co.,* 477 A.2d 939, 944 (R.I.1984). This is not an overly burdensome standard. Here, this divorce petition had been pending for almost two years and numerous pretrial conferences had been conducted with a view toward settlement of the marital estate. The counterclaim seeking custody of the minor children, however, was not filed until the eleventh hour, seemingly in an attempt to gain a tactical advantage in future settlement negotiations. If accurate, this pleading was inappropriate and a proper subject for the imposition of sanctions after notice and an opportunity to be heard. However, under no circumstance should the threat of sanctions in the face of a reasonably meritorious claim made in good faith, serve to force a settlement of the case or the abandonment of the claim. Neither Family Court Rule 11 nor § 9-29-21 are intended to chill a party's rights to a hearing on the merits or the attorney's freedom to explore any and all viable claims on behalf of his or her client.

## Conclusion

For the reasons set forth above, we sustain the appeal and vacate the order imposing sanctions. The papers of this case are remanded to the Family Court so that counsel may be afforded adequate notice and an opportunity to be heard on the imposition of sanctions against him.