330 A.2d 813.

ARAM K. BERBERIAN *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

JANUARY 16, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. In this civil action the plaintiff seeks to enjoin the defendant, New England Telephone and Telegraph Company, from discontinuing listing the plaintiff's name in boldfaced type in its 1973 telephone directory. It appears that the defendant from 1968 to 1972 had listed the plaintiff's name, address, and telephone number in its directory in boldfaced type but that it informed the plaintiff that it wou'd not so list his name in the 1973 issue of the directory. The defendant moved under Super. R. Civ. P. 12(b)(6) that the action be dismissed with prejudice for failure to establish a claim upon which relief could be granted. In support of its motion, the defendant argued that because the plaintiff was a member of the Rhode Island bar, publication of his name in boldfaced type in a telephone directory was forbidden by section DR 2-102(A)(5) of Supreme Court Rule 47. The motion to dismiss was granted, and the plaintiff is now prosecuting an appeal from that judgment in this court.

We turn, first, to the question whether the trial court erred in granting defendant's motion to dismiss for failure to state a claim. In so doing, we will view the complaint in the light most favorable to plaintiff with all doubts resolved in his favor and his allegations accepted as true. *Rhode Island Ophthalmological Soc'y* v. *Cannon*, 113 R. I. 16, 317 A.2d 124 (1974); *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 227 A.2d 582 (1967). On'y if it is clear beyond a reasonable doubt that plaintiff would be unable to establish his right to relief under any set of facts which might be proved in support of his claim will this court decide that the trial court's dismissal of plaintiff's action under Super. R. Civ. P. 12(b)(6) was proper. *Bragg* v. *Warwick Shoppers World, Inc., supra.* In making this determination, we will look only to the allegations of the complaint and to any facts and laws of which the trial court could properly take judicial notice.

As a public utility, defendant telephone company has an obligation to list the names of its subscribers in the telephone directory. *Donnelly's of Providence, Inc.* v. *New England Tel. & Tel. Co.*, 101 R. I. 143, 150, 221 A.2d 446, 450 (1966). Nevertheless, defendant had the right to refuse such a service to a subscriber where the rendering of such service was connected with or tended to promote an illegality. *Hill Road Publ'shing & News Co.* v. *Public Util. Hearing Bd.*, 96 R. I. 265, 190 A.2d 729 (1963). Consequently, if the listing of plaintiff's name in boldfaced type promoted plaintiff's violation of the law of this state, defendant owed plaintiff no duty to so list on request the latter's name. In such event, plaintiff correspondingly would have no right to compel the te'ephone company to list his name in its directory in accordance with this request.

This court promulgates rules regulating the practice of law in this state in an exercise of its inherent power to so do.

*Rhode Island Bar Ass'n* v. *Automobile Serv. Ass'n,* 55 R. I. 122, 179 A. 139 (1935). Further, rules adopted by this court for the regulation of attorneys' professional conduct have the force and effect of law. Prior to the commencement of the instant action, Supreme Court Rule 47 was adopted by this court to regulate professional conduct of members of the Rhode Island bar. Section DR 2-102(A)(5) of that rule provides in part:

> "A listing of the office of a lawyer * * * in the alphabetical and classified sections of the telephone directory or directories for the geographical * * * areas in which the lawyer resides or maintains offices [is permissible] * * *. The listing shall not be in distinctive form or type."

This is not to be understood as a delegation of authority to the public utility to enforce the rules governing professional conduct by lawyers in this state. Rather, it is our intention to relieve a public utility of an obligation to participate in matters that are of questionable legality. As we said in *Hill Road Publishing & News Co.* v. *Public Util. Hearing Bd., supra* at 271, 190 A.2d at 732: "Its effect is to allow a utility in an appropriate case to refuse to conduct its business in a twilight zone of legality. This tendency on the part of utilities to thus practice a sort of commercial fastidiousness should not be discouraged on the part of regulatory agencies by resorting to fine distinctions between an unlawful use of such service and the susceptibility of such service to use in an unlawful activity."

In his complaint plaintiff alleges in substance that defendant refused to list his name in distinctive type in its telephone directory. The trial court, without objection of either party in this action, took judicial notice of the fact that plaintiff is a member of the bar in Rhode Island. Because plaintiff is a lawyer, a telephone listing of his name

in boldfaced type would violate Supreme Court Rule 47.[1] Consequently, the telephone company was under no obligation to so list his name.

Thus, viewing the facts alleged in the complaint most favorably for the plaintiff and considering those facts in connection with the law and judicially noticed facts, we conclude that the trial justice properly decided that the plaintiff failed to state a claim on which relief could be granted. In accordance with such a conclusion, we hold that the defendant's motion to dismiss was properly granted.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Berberian & Tanenbaum, Aram K. Berberian,* pro se, for plaintiff.

*Tillinghast, Collins & Graham, DeWitte T. Kersh, Jr., Victor J. Orsinger II,* for New England Telephone and Telegraph Company.

*Louis Baruch Rubinstein,* for Rhode Island Bar Association, amicus curiae, for defendant.

---

[a] It appears that the defendant in this case was advised by counsel that a listing of the plaintiff's name in boldfaced type would violate the provisions of Rule 47.