**UNITED STATES of America, Appellee,**

v.

**Alex J. FAZZINO, Appellant.**

**No. 84–2179.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1985.

Decided June 20, 1985.

James L. Lyons, Kansas City, Mo., for appellant.

* The HONORABLE FRED J. NICHOL, Senior Judge, United States District Court for the Dis-

John R. Osgood, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,* District Judge.

PER CURIAM.

Appellant Alex J. Fazzino seeks a reversal of his conviction for extortion on the ground that his conviction was obtained in violation of the due process clause. Fazzino claims that the government's use of James Meyers as an informant and as a trial witness deprived him of fundamental due process protected by the United States Constitution. We disagree and affirm his conviction.

Fazzino, a member of the Missouri State Legislature, was charged by indictment on April 19, 1984, with two counts of extortion and one count of attempted extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. The alleged extortions and attempted extortion involved the request for and payment of money to Fazzino in return for his assistance in defeating two pieces of proposed legislation involving the state's regulation of the fireworks industry.

A trial was held in July 1984. The government's case included, among other things, the testimony of Jerry Wald who had been granted immunity, the testimony of James Meyers who had been cooperating with the government since sometime in 1982, and videotapes and recordings of conversations and meetings between Meyers and Fazzino. Both Wald and Meyers testified that in 1983 they paid money to Fazzino in exchange for his promise to defeat the pending legislation. Both of the bills were assigned to a committee which Fazzino chaired; neither were ever called up for a hearing and consequently both died at the expiration of the legislative session.

At trial Fazzino denied ever receiving any money from Wald prior to 1983 and that amounts he received from Wald in

trict of South Dakota, sitting by designation.

1983 and from Meyers were campaign contributions. Fazzino reported the money as "contributions" in January 1984 after an interview with FBI agents.

The jury convicted Fazzino of extorting $3,000 from Wald during 1983 (count III) and acquitted him of the other charges. Fazzino was sentenced to four years and a $10,000 fine. Fazzino appeals.

 On appeal, Fazzino claims that an agreement between the government and the government's witness, Meyers, irreparably tainted Meyers' trial testimony, depriving Fazzino of the fair procedures guaranteed by the due process clause of the fifth amendment. It is Fazzino's contention that Meyers, who was under investigation by the FBI for mail fraud, was cooperating with the government pursuant to a "de facto contingency agreement" (Appellant's Brief, p. 14), whereby the outcome of any criminal prosecution against Meyers would depend upon the quality of evidence he obtained against Fazzino. The essence of Fazzino's argument is that he was denied due process because the government's agreement with Meyers improperly affected Meyers' conduct and, more importantly, Meyers' trial testimony thereby hampering the truth-finding function of the jury. Fazzino relies on the panel opinion in *United States v. Waterman*, 732 F.2d 1527 (8th Cir.1984) in which the panel reversed the district court, holding that a contingency agreement between the government and the star prosecution witness violated Waterman's due process rights.[1]

We have carefully considered Fazzino's argument and based upon our review of the record, conclude that it is totally without merit. There is no factual basis to support his allegation of a constitutional violation involving the testimony of Meyers. Fazzino failed to establish that there was any contingent · agreement between Meyers and the government and, more importantly, failed to demonstrate how Meyers' testimony was critical to his conviction for extorting money from Wald. Fazzino

was acquitted of attempting to extort money from Meyers.

In addition, there is no legal basis to support Fazzino's argument that can be premised upon *United States v. Waterman, supra.* Neither the panel opinion nor the *en banc* decision in *United States v. Waterman, supra,* has any precedential value and even if the panel opinion had precedential value its holding would not apply under the facts of this case. *See United States v. Dailey,* 759 F.2d 192, 196–98 (1st Cir.1985).

Accordingly, we affirm Fazzino's conviction.

---

1. This case was considered by the court *en banc* and the judgment of the district court denying

Waterman's section 2255 motion was affirmed by an equally divided court. 732 F.2d at 1533.