In re Petition of Lincoln ALMOND, United States Attorney for the District of Rhode Island Respecting Rule 3.8 of the Rules of Professional Conduct.

No. 91–484–M.P.

Supreme Court of Rhode Island.

Feb. 26, 1992.

Lincoln Almond, U.S. Atty., Margaret E. Curran, U.S. Attorney's Office, for plaintiff.

Lauren E. Jones, Stephen Rodio, Christopher Neronha, Hinckley, Allen, Snyder & Comen, John MacFayden, 3rd, Barbara Hurst, Asst. Public Defender, John Cicilline, Providence, for defendant.

OPINION

MURRAY, Justice.

This matter arises from a request by the United States Attorney for the District of Rhode Island that this court waive certain provisions of the Rhode Island Rules of Professional Conduct with respect to federal prosecutors. By letter and accompanying materials dated August 2, 1991, the United States Attorney requested that members of the Rhode Island Bar who are federal prosecutors practicing law before federal courts be exempted from Rule 3.8 of the Rules of Professional Conduct. After reviewing the correspondence, this court issued an order dated September 26, 1991, treating the United States Attorney's letter as a petition to amend Rule 3.8(f). We assigned the petition for oral argument and invited interested members of the Rhode Island Bar to file briefs as amici curiae.

This court is responsible for promulgating rules regulating the practice of law and ethical standards for the conduct of attorneys admitted to the Rhode Island Bar.[1] *Berberian v. New England Telephone & Telegraph Co.*, 114 R.I. 197, 199–200, 330 A.2d 813, 815 (1975); *Rhode Island Bar Association v. Automobile Service Association*, 55 R.I. 122, 179 A. 139 (1935). *See also Nix v. Whiteside*, 475 U.S. 157, 165, 106 S.Ct. 988, 993, 89 L.Ed.2d 123, 134 (1986); *In re Snyder*, 472 U.S. 634, 645 n. 6, 105 S.Ct. 2874, 2881 n. 6, 86 L.Ed.2d 504, 513 n. 6 (1985); *Supreme Court of New*

---

1. The authority to promulgate rules of professional conduct is conferred upon the Rhode Island Supreme Court by G.L.1956 (1985 Reenactment) § 8–1–2 and § 8–6–2, G.L.1956 (1981 Reenactment) § 11–27–18, and by its inherent constitutional power.

*Hampshire v. Piper,* 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985). This responsibility is ongoing and requires periodic review of existing standards to address changing societal and professional concerns. To this end we established the Committee to Study the Rules of Professional Conduct (rules committee) in January 1984 to study the American Bar Association's Model Rules of Professional Conduct and to make recommendations to the court regarding adoption of those rules in Rhode Island. In February 1987 the rules committee published the proposed rules and solicited comment from all members of the Rhode Island Bar. After making appropriate modifications based on comments received, the rules committee transmitted the proposed rules to this court for consideration. On April 11, 1988, we conducted a hearing open to all interested parties to again receive comments on the proposed rules. Thereafter we entered an order dated November 1, 1988, adopting the proposed Rules of Professional Conduct as an amendment to Supreme Court Rule 47 effective November 15, 1988. Among the rules adopted was Rule 3.8(f), which provides:

> "The prosecutor in a criminal case shall * * * (f) not, without prior judicial approval, subpoena a lawyer for the purpose of compelling the lawyer to provide evidence concerning a person who is or was represented by the lawyer when such evidence was obtained as a result of the attorney-client relationship."

The United States District Court for the District of Rhode Island thereafter amended its local rules to adopt the Rhode Island Rules of Professional Conduct. By order dated April 20, 1989, the District Court specified that "[t]he rules of Professional Conduct of the Rhode Island Supreme Court shall be the standard of conduct for all attorneys practicing before this court." This order incorporates Rule 3.8(f) into the District Court's local rules.

■ The United States Attorney subsequently petitioned this court for a waiver to Rule 3.8, which we treat as a petition to amend Rule 3.8(f). In support of the peti-

tion the United States Attorney raises three arguments. First, petitioner asserts that Rule 3.8(f) contravenes certain historic and current principles of the grand jury. Specifically, that Rule 3.8(f) is inapposite to the presumed validity of grand jury subpoenas, to the grand jury's broad and unfettered authority to investigate, and to the secrecy of grand jury investigations. Second, petitioner claims that Rule 3.8(f) is inconsistent with and interferes with Rule 17 of the Federal Rules of Criminal Procedure. Finally, petitioner asserts that Rule 3.8(f) is impermissible state regulation of federal grand jury practice in violation of the Supremacy Clause of the United States Constitution, Art. VI, cl. 2. For the following reasons we deny the petition.

The petitioner's first claim asserts that Rule 3.8(f) contradicts certain historic and current grand jury principles. To support this claim petitioner cites considerable academic and legal authority. *See, e.g., In re Grand Jury Matter,* 926 F.2d 348, 350 (4th Cir.1991); *In re Grand Jury Matter (Backiel),* 906 F.2d 78, 87–88 (3rd Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990); *In re Grand Jury Subpoena Served Upon Doe,* 781 F.2d 238, 243–50 (2d Cir.1985) (en banc), *cert. denied,* 475 U.S. 1108, 106 S.Ct. 1515, 89 L.Ed.2d 914 (1986); *In re Klein,* 776 F.2d 628, 632–36 (7th Cir.1985); United States Department of Justice, *Executive Office for United States Attorneys, United States Attorneys' Manual* § 9–2–161(a) (1985). Despite the body of jurisprudence referenced, petitioner introduces no compelling policy that the rules committee did not consider and reject in recommending adoption of Rule 3.8(f). The rules committee felt that these historic policies inadequately addressed the committee's concern over the government's escalating practice of subpoenaing criminal defense attorneys before grand juries. As the comment to Rule 3.8(f) explains:

> "The prohibition in paragraph (f) was added by the committee because of the increasing incidence of grand jury and trial subpoenas directed towards attorneys. It is the belief of the committee that the requirements of prior judicial approval, which should be granted or de-

nied after an opportunity for an adversarial proceeding will serve as an appropriate safeguard to this practice and its threat to the confidentiality and integrity of the attorney-client relationship."

*See also* American Bar Association Standing Committee on Ethics and Professional Responsibility and Section of Criminal Justice, *Report to the House of Delegates* (1990); W. Genego, *Risky Business: The Hazards of Being a Criminal Defense Lawyer,* 1 Crim. Just. 2 (1986); Stern & Hoffman, *Privileged Informers: The Attorney Subpoena Problem and a Proposal for Reform,* 136 U.Pa.L.Rev. 1783 (1988). Our subsequent adoption of the rule expressed our agreement with the rules committee's findings. Furthermore, a current review of these policies reinforces our belief that Rule 3.8(f) strikes an even balance between the competing interests of criminal prosecution and protection of the attorney-client privilege. Accordingly we disagree that petitioner's policy considerations merit an amendment to the rule.

The petitioner's second claim is that Rule 3.8(f)'s requirement for prior judicial approval of certain subpoenas is inconsistent with the scheme provided in Fed.R.Crim.P. 17 for issuing and challenging subpoenas. The petitioner asserts that the process set forth in Fed.R.Crim.P. 17 provides no room for judicial participation in the decision of whom to subpoena or what evidence to seek and that this absence of judicial participation reflects the court's intended non-involvement in the grand jury subpoena process. *See Baylson v. Disciplinary Board of the Supreme Court of Pennsylvania,* 764 F.Supp. 328, 346–47 (E.D.Pa. 1991); *cf. United States v. R. Enterprises, Inc.,* ___ U.S. ___, ___, 111 S.Ct. 722, 728, 112 L.Ed.2d 795, 807 (1991) ("the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority").

The First Circuit per curiam opinion in *United States v. Klubock,* 832 F.2d 649 (1st Cir.1987), *aff'd en banc by an equally divided court,* 832 F.2d 664 (1st Cir.1987), is not controlling precedent, *Backman v. Polaroid Corp.,* 910 F.2d 10, 14 (1st Cir.

1990); *United States v. Fazzino,* 765 F.2d 125, 126 (8th Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985); C. Wright, *The Law of Federal Courts,* ch. 12, § 108 at 758 (4th ed.1983); nevertheless, we find its nearly identical factual scenario to be persuasive authority to deny petitioner's second claim. In *Klubock* the District Court for the District of Massachusetts amended its local rules to adopt a Massachusetts state rule similar to Rule 3.8(f). *Klubock,* 832 F.2d at 650. The United States Attorney for the District of Massachusetts subsequently requested the District Court to enjoin enforcement of the rule against federal prosecutors, claiming among other reasons that the rule was inconsistent with the Fed.R.Crim.P. 17. *Id.* The District Court denied the injunction, and on appeal an equally divided en banc court affirmed the district court decision. *United States v. Klubock,* 832 F.2d 664 (1st Cir.1987). We find the affirmed decision to be persuasive authority within the First Circuit that a District Court's adoption of a local rule similar to Rule 3.8(f) does not impermissibly interfere with Fed. R.Crim.P. 17.

The petitioner's final claim is that Rule 3.8(f) violates the supremacy clause because it constitutes impermissible state regulation in an area of exclusive federal interest. The petitioner asserts that although styled as a rule of professional conduct, Rule 3.8(f) operates as a rule of criminal procedure that interferes with the federal government's exclusive authority to proscribe rules for the conduct of business in Federal Courts. 28 U.S.C.A. §§ 2071 through 2074 (West Supp.1991); Fed. R.Crim.P. 1, 57. Without addressing the issue of whether Rule 3.8(f) operates as a rule of criminal procedure, we find that petitioner misidentifies which authority regulates his conduct in District Court. The simple answer to petitioner's claim is that it is the District Court itself that requires petitioner to comply with Rule 3.8(f).

Rule 57 of the Federal Rules of Criminal Procedure provides that District Courts "may from time to time, after giving appropriate public notice and an opportunity to

comment, make and amend rules governing its practice not inconsistent with [the Federal Rules of Criminal Procedure]." Once adopted these local rules have the effect of federal law. *United States v. Hvass,* 355 U.S. 570, 574–75, 78 S.Ct. 501, 504, 2 L.Ed.2d 496, 501 (1958). Under this authority the District Court amended its local rules to adopt the Rhode Island Rules of Professional Conduct, and as a result Rule 3.8(f) became a federal rule as well as a state rule. In analyzing a claim under the supremacy clause, it is axiomatic that the supremacy clause is relevant only when there is impermissible state interference with federal law. *Hillsborough County v. Automated Medical Laboratories, Inc.,* 471 U.S. 707, 712, 105 S.Ct. 2371, 2375, 85 L.Ed.2d 714, 721 (1985). In the instant petition there is no state interference because the state and federal courts are in harmony as to the proper ethical conduct of attorneys practicing in their respective courts. Accordingly there is no violation of the supremacy clause.

In reaching this opinion, we recognize that much of our analysis is based on the District Court's adoption of Rule 3.8(f) and that if the District Court rescinds Rule 3.8(f), federal prosecutors will be faced with a dilemma of conflicting standards of professional conduct. Nevertheless this alleged harm is based on the District Court's presumed recision of Rule 3.8(f). The District Court has not taken this action; accordingly, any issue based on a potential split in federal and state rules of conduct is improperly before the court because it is not ripe for review. *See Vose v. Rhode Island Brotherhood of Correctional Officers,* 587 A.2d 913, 915 n. 2 (R.I.1991); *Rhode Island Ophthalmological Society v. Cannon,* 113 R.I. 16, 28, 317 A.2d 124, 131 (1974) ("[l]itigation will be confined to those appropriate situations where the litigant's concern with the subject matter evidences a real adverseness, *i.e.,* his own injury in fact").

For the reasons forementioned we deny the United States Attorney's petition to amend Rule 3.8(f). In denying the petition, the members of this court express their appreciation for the assistance given by briefs submitted by counsel for the United States Attorney, the Rhode Island Bar Association, the Committee to Study the Rules of Professional Conduct, the Rhode Island Association of Criminal Defense Lawyers, the American Civil Liberties Union Rhode Island Affiliate, and the Rhode Island Attorney General.