## SMITHFIELD VOTERS FOR RESPONSIBLE DEVELOPMENT, INC.

v.

## Alberto J. LaGRECA, Jr., et al.

### W/S Smithfield Associates, LLC (Intervenor).

No. 99–557–M.P.

Supreme Court of Rhode Island.

June 19, 2000.

Nancy Giorgi, Andrew M. Teitz, for Smithfield Voters.

Lauren E. Jones, Carl B. Lisa, Robert G. Branca, Jr., Providence, and David L. Krech, for W/S Smithfield Associates.

Walter J. Kane, Harrisville, Edmund L. Alves, Jr., Providence, for Alberto LaGreca.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

FLANDERS, Justice.

Can a nonprofit corporation whose members are municipal residents and local landowners qualify as an "association" under G.L.1956 § 45–24–71 for the purpose of prosecuting an appeal to the Superior Court from a zoning amendment? For the reasons explicated below, we have answered this question in the negative.[1] Therefore, we grant this petition for certiorari and quash the Superior Court's judgment.

In 1998, the Smithfield (town) Town Council (council) enacted a zoning amendment that allowed the intervenor-defendant, W/S Smithfield Associates, LLC (WSSA), to develop a proposed $45 million retail shopping center on a seventy-five acre site in the town. Before doing so, however, the council first voted to reconsider its previous denial—at a public hearing held one month earlier—of the proposed zoning change. It then approved

---

1. Previously, because of the need for an expedited decision, we issued an order reversing the Superior Court's decision in this case and upholding the validity of the zoning amendment because of the plaintiff corporation's lack of standing to prosecute an appeal to the Superior Court from a zoning amendment. *See* order of May 12, 2000. As promised in the order, this opinion explains our rationale for doing so.

the same zoning amendment that it had rejected after the previous month's public hearing. Thus, the council permitted WSSA to proceed with its planned shopping-center development on the site.

Thereafter, certain town residents and landowners formed the plaintiff, Smithfield Voters for Responsible Development, Inc. (SVRD), a nonprofit corporation, to prosecute an appeal of the zoning amendment to the Superior Court. At SVRD's urging, that court struck down the amendment because, in voting to reconsider its previous denial of the amendment, the council had discussed an issue that no one had raised during the previous month's public hearing: namely, the possibility of a low-income housing development on the site if the council rejected the proposed shopping-center amendment.

Petitioning for certiorari from the Superior Court's judgment striking down the zoning amendment, WSSA and the various municipal-official defendants [2] argued that

- SVRD lacked standing under applicable law to appeal the council's approval of the zoning amendment;
- Even though the council's reconsideration of its earlier denial and its subsequent approval of the proposed zoning amendment were based upon concerns and issues that neither the council nor the public had discussed at the earlier public hearing, these acts were nonetheless a valid exercise of its municipal power because, as a local legislative body, the council was not constrained by the evidence introduced and the subjects raised at the public hearing when it reconsidered its vote and then enacted the zoning amendment; and
- The zoning amendment was consistent with the town's comprehensive plan.

Having determined that SVRD lacked standing as a nonprofit corporation to chal-

lenge the council's approval of the proposed zoning amendment before the Superior Court, we issued our order of May 12, 2000, reversing that decision without reaching the other issues raised by the petition. We now explain our rationale for reversing the Superior Court and upholding the validity of the zoning amendment.

## Standard of Review

 In considering a petition for certiorari, this Court "scour[s] the record to discern whether any legally competent evidence supports the lower tribunal's decision and whether the decision maker committed any reversible errors of law in the matter under review." *Kent County Water Authority v. State (Department of Health)*, 723 A.2d 1132, 1134 (R.I.1999) (citing *Asadoorian v. Warwick School Committee*, 691 A.2d 573, 577 (R.I.1997)). "If legally competent evidence exists to support that determination, we will affirm it unless one or more errors of law have so infected the validity of the proceedings as to warrant reversal." *Id.*

## Analysis

 Section 45–24–71 addresses who can appeal the council's enactment of a zoning amendment. In pertinent part it reads as follows:

"**Appeals—Appeal of enactment of or amendment to zoning ordinance.—** (a) An appeal of an enactment of or an amendment to a zoning ordinance may be taken to the superior court for the county in which the municipality is situated by filing a complaint, within thirty (30) days after the enactment or amendment has become effective. *The appeal may be taken by an aggrieved party or by any legal resident or landowner of the municipality or by any association of residents or landowners of the municipality.* The appeal shall not stay the enforcement of the zoning ordinance, as enacted or amended, but the court may,

---

2. These included council president Alberto J. LaGreca, Jr. and council members David Coia, Lauraine A. Bouchard, Richard A. Poirier, and Patricia E. Williams.

in its discretion, grant a stay on appropriate terms, which may include the filing of a bond, and make other orders that it deems necessary for an equitable disposition of the appeal." (Emphasis added.)

■ Conceding that it was neither an aggrieved party nor a legal resident or landowner of Smithfield, SVRD contended that it possessed the requisite standing under § 45–24–71 because it was an "association of residents or landowners of the municipality." Under Rhode Island law, however, the term "association" refers only to *unincorporated* organizations. *See* G.L.1956 § 9–2–10 (defining an "association" as "[a]ny *unincorporated* organization of persons, except a partnership") (emphasis added). And we have consistently distinguished between associations and corporations as constituting different types of entities in the eyes of the law. For example, in *Carter v. Berberian,* 434 A.2d 255, 256 (R.I.1981), we stated that "a corporation, as well as an association or an individual, may engage in the unauthorized practice of law." The United States Supreme Court has also distinguished between these different types of entities, observing in *Hecht v. Malley,* 265 U.S. 144, 157, 44 S.Ct. 462, 467, 68 L.Ed. 949, 957 (1924), that the word "association" means " 'a body of persons united *without a charter.*' " (Emphasis added.) In short, the two terms denote different types of legal organizations, and an association ordinarily refers to an unincorporated society. *See* 7 C.J.S. *Associations* § 2 (1980).

Relying upon the above authority, we concluded that the word "association" as used in § 45–24–71 excludes corporations because it refers to an unincorporated entity that is distinct from and different than a corporation. As a result, we held that because SVRD is a nonprofit corporation, it did not have standing as an "association" under § 45–24–71 to appeal the council's zoning amendment.

■ Moreover, a rational basis exists for the General Assembly to have drawn this distinction and thereby to have precluded residents and landowners from forming a corporation for the sole purpose of taking an appeal from zoning amendments. "[A] corporation is an incorporeal, 'artificial creature' of the law," *Doe v. Gelineau,* 732 A.2d 43, 44 (R.I.1999) (quoting *Cook v. American Tubing & Webbing Co.,* 28 R.I. 41, 49, 65 A. 641, 644 (1905)), whose constituent members usually are able to take legal shelter under "its protective shield of limited liability." 732 A.2d at 45. Thus, the members of a group who incorporate typically do so knowing that

> "[w]hen it comes to piercing corporate veils, courts are loath to act like Vlad the Impaler. * * * [They] are not inclined to perforate a corporation's legal shell merely to stick one or more of its constituent or affiliated entities with liability for the corporation's misdeeds. Rather, respect for the legitimacy of the corporate form and its protective shield of limited liability usually dissuades courts from using their remedial swords to run them through—at least without extreme provocation to do so." *Id.* at 44–45.

By foreclosing residents and landowners from forming a corporation to challenge a zoning amendment, the General Assembly apparently believed that those residents and property owners who seek to challenge the legality of a zoning amendment should not be able to insulate themselves from either (1) personal responsibility for any attorney's fees, costs, or other expenses that may be assessed in connection with the prosecution or defense of zoning appeals, *see* § 45–24–71(f) (permitting the court "in its discretion * * * [to] award reasonable attorney's fees to any party to an appeal"), or from (2) public identification of their relationship to such a legal challenge. These considerations are especially telling when, as here, § 45–24–71 confers standing not only upon "[any] aggrieved party," but also upon "any legal resident or landowner * * * or * * * any association of residents or landowners"—

thereby expanding the potential challengers to zoning amendments far beyond mere abutters and others who may be directly affected by the proposed zoning change. Allowing residents and landowners who are not otherwise aggrieved by the zoning change both to prosecute appeals from zoning amendments and to insulate themselves via incorporation from personal liability for potential attorney's fees awards and from other sanctions for the filing of frivolous appeals apparently proved a bridge too far for the General Assembly to cross without retracting the incorporation option from these would-be appellants. In any event, by expressly restricting those groups who can pursue zoning appeals to "any association of residents or landowners of the municipality," § 45-24-71 plainly reflects this legislative limitation on standing. Hence, it was our duty to uphold this law.

## Conclusion

Based upon SVRD's lack of standing to prosecute this appeal, we issued an order reversing the trial justice's ruling and vacating the Superior Court's judgment. Accordingly, we grant the petition for certiorari, quash the Superior Court's judgment, and remand this case for entry of an amended judgment in favor of the defendants consistent with this opinion.