[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is the City of Warwick's motion for stay of judgment ordering the reinstatement of Jeffrey Scott Hornoff to the position of detective on the Warwick Police Department. Although the judgment included the award of $507,591.00 in back pay to the petitioner, Hornoff does not object to a stay of that aspect of the judgment until the Supreme Court decides the City's appeal. Without belaboring the obvious, this case presents a question of first impression for the Rhode Island judiciary. It's almost inconceivable to imagine a law professor devising such a convoluted fact pattern to present to his/her students on an exam. However, a judgment has entered and what remains is whether the enforcement of that judgment, specifically the reinstatement of Hornoff, shall be stayed pending a decision of the Rhode Island Supreme Court.
Rule 62 of the Superior Court Rules of Civil Procedure addresses the stay of proceedings upon appeal. Unfortunately, neither the Rule nor any Rhode Island Decision from our highest court speaks to the factors to be considered when a trial court is asked to stay the enforcement of a judgment pending appeal. Fortunately, our Rule 62 was patterned after Rule 62 of the Federal Rules of Civil Procedure. "[W]here the Federal rule and our state rule are substantially similar, we will look to the Federal courts for guidance or interpretation of our own rule."Heal v. Heal, 762 A.2d 463, 466-67 (R.I. 2000). Those Rules have been reviewed and discussed in Federal Practice andProcedure, Wright, Miller Kane. Specifically, Rule 62 is discussed at Vol. 11, § 2904 (p. 501).
"An application under Rule 62 necessarily goes to the discretion of the court. . . . The Court will examine
 1. Whether the stay applicant has made a strong showing that he [it] is likely to succeed on the merits;
 2. Whether the applicant will be irreparably injured absent a stay;
 3. Whether issuance of the stay will substantially injure the other parties [Hornoff] in the proceedings, and
4. Where the public interest lies.
Thus, the City of Warwick, as the party seeking a stay pending appeal, must show that
1. They are likely to succeed on the merits;
 2. They will suffer irreparable injury unless the stay is granted;
 3. No substantial harm will come to Jeffrey Scott Hornoff and his dependents if the stay is granted; and
4. The stay will do no harm to the public interest.
These four elements are not designed to be applied with mathematical firmness, but rather are individually analyzed on a case-by-case basis in order to reach a balancing of the equities in each individual situation. Hilton v. Braunskill,481 U.S. 770, at 777.
I will address the four factors in the reverse order they are identified.
 Public Interest
Is it in the public interest to deny immediately to Mr. Hornoff the remedy this Court found he is entitled to? I don't believe so. Mr. Hornoff was incarcerated for over 6 years for something he did not do! The LEOBOR, a law passed by the General Assembly and signed into law by the governor, mandates that where a police officer who is acquitted or had his conviction reversed was suspended or terminated, the officer has the absolute right to be reinstated. This right does not extend to all employees, public or private, who might be unlawfully or improperly convicted. The law speaks to law enforcement officers only. In granting Mr. Hornoff's application for post-conviction relief by vacating the sentence and judgment of conviction did not Mr. Justice Krause, in effect, acquit or reverse Hornoff's conviction? And if not, does not this Court's decision ordering reinstatement apply fundamental principles of fairness and equity in fashioning a remedy for Mr. Hornoff based on the most unusual and tragic circumstances surrounding his suspension and termination? Generally the public interest would not be adversely affected by the reinstatement of a police officer who had over ten years experience as a police officer. In fact, if the City's appeal is not successful, the public interest would be better served by Hornoff's having performed services as an employee pending the appeal rather than by the City ultimately having to pay him for that period without his performing any services at all.
On this issue, advantage Hornoff.
 Substantial Harm to Hornoff
Here, the undisputed evidence is that Hornoff was suspended, terminated and incarcerated for something he did not do. He has been without meaningful employment for approximately ten years. It's time he gets back to work.
Advantage, Hornoff.
 Irreparable Injury to City
In keeping with the history of the case, Hornoff's reinstatement now presents another twist. Is he available, physically and/or emotionally, to resume his position as a detective in the Warwick Police Department? While it is true his present condition, as argued by the City, might present a problem in terms of immediate employment, the LEOBOR speaks to reinstatement as a remedy. If that presents a problem, both the City and Hornoff can avail themselves of the ordinary procedures when any officer is sick or disabled. I have to assume once he is reinstated, he will, in fact, work the required hours as a detective, to the benefit of the City of Warwick. If he does, there is no loss to the City. If he cannot, then the City will, in fact, lose whatever monies it pays to Hornoff in the event the Supreme Court reverses this Court's decision. Those monies pale in comparison to the years Hornoff lost by being imprisoned for something he did not do.
Advantage — Neutral.
 Likelihood of Success on the Merits
This Court does not presume to be infallible. It would be the height of arrogance if I were to state or infer that there is no possible way that an appellate court might have a different interpretation of the facts or of the law. Further, I recognize as does the Federal Court of Appeals Manual 4th ed. Supp. 2003, the impression of most lawyers that few trial judges would find the movant likely to prevail on the merits, as doing so would be "tantamount to conceding reversible error."
Having said that, the fact remains that the City has failed to sustain its heavy burden in establishing there is a strong likelihood that it will be successful on appeal. An employee's reinstatement is a form of equitable relief which the court has the power to grant and for which decision an appellate court may reverse for abuse of discretion. It is difficult for this Court to imagine a situation more egregious than that suffered by Mr. Hornoff. As the Court stated in its January 6, 2004, decision:
 "This particular matter demands equity because equity is grounded in the principles of justice and fairness. Equity needs to be utilized here because otherwise it is likely that an innocent man will continue to suffer for another man's crime. As the ancient maxim states `equity regards that as done what ought to be done'"
On this issue — advantage Hornoff.
In summary, this Court finds that the City of Warwick has failed to establish that the balancing of the four aforementioned factors weigh in its favor. On the contrary, the four factors relied on seem to favor Scott Hornoff. The motion for stay of this Court's order of reinstatement is denied.
Counsel for the petitioner shall prepare and submit to this Court, with notice to the City, a judgment consistent with this decision.