[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
In this motion for stay, pending an appeal, the Court is called upon to balance the conflicting property interests of the parties, in an attempt to ensure that all interests are protected. As the Appellants failed to request a stay below, establish a likelihood of success on appeal or protect the nonmoving party from further harm, their request must fail.
As the Court file is scant, these facts are culled from Appellants' complaint, though they are in dispute. In the spring of 2002 Mr. Lambert Welling requested the approval of the Town of North Kingstown to extend Pojac Point Road. Having obtained all approvals the town requested, Mr. Welling recorded his survey in July, 2003 leaving the objectors to appeal. Although he contended his approvals were adequate, Mr. Welling then voluntarily stipulated that notice of his application would be provided to a local fire district. By May, 2004, after notice to the fire district, the application was again approved by the Planning Commission and upheld on appeal by the Zoning Board of Appeals. In a subsequent appeal to this Court, Appellants now seek a stay of the town approvals. A stay would halt the road construction.
Although our legislature recently revised the Zoning Enabling Act (R.I.G.L. chapter 45-24) and the appellate procedures for planning board decisions (R.I.G.L. §§ 45-24-64, 69) it did not delineate the criteria for staying an order pending a Superior Court appeal. R.I.G.L. section 45-24-69
(a) makes clear that a stay is not automatic, but allows for the Court to "grant a stay on appropriate terms and make any other orders that it deems necessary for an equitable disposition of the appeal."
An appeal of a planning commission decision is brought, in the first instance, to the local zoning board. As indicated, this case was appealed to the zoning board, which sustained the decision of the planning commission. The statute establishes an automatic stay when a planning commission decision is appealed to the zoning board, unless the town certifies that failure to stay the decision would "cause imminent peril to life or property." R.I.G.L. § 45-24-65.
R.I.G.L. § 45-24-69 sets no such guidelines for issuance of a stay during the pendency of the second appeal at the Superior Court level. The Court therefore concludes that the party seeking the stay bears the burden of justifying the stay.
Stays pending appeal are normally conditioned and limited. R.I.G.L. §19-12-16 allows stays pending appeals in receivership actions when a supersedeas bond is posted. Court rules also employ the supersedeas bond after a brief automatic stay expires.[1] Super. R. Civ. P. 62(d), R. Dom. Rel. P., Rule 62. The automatic stay provides approximately 20 days to transfer documents to the reviewing court. Rhode Island Supreme Court Rules, Art. I, Rule 8 states that a stay or injunction pending appeal "must ordinarily be sought in trial court." There is nothing in this record to demonstrate that the stay was requested below.
A recent Superior Court decision on a motion to stay its decision, pending a Supreme Court appeal is highly instructive. In Hornoff v. Cityof Warwick Police Dept., 2004 WL 877574 (R.I. Superior Court, Rodgers, P.J., 2004) this court was asked to stay the effect of its own decision to reinstate a policeman to his former rank after it was found that he had been wrongfully convicted and imprisoned. The court reasoned:
 Rule 62 of the Superior Court Rules of Civil Procedure addresses the stay of proceedings upon appeal. Unfortunately, neither the Rule nor any Rhode Island Decision from our highest court speaks to the factors to be considered when a trial court is asked to stay the enforcement of a judgment pending appeal. Fortunately, our Rule 62 was patterned after Rule 62
of the Federal Rules of Civil Procedure. "[W]here the Federal rule and our state rule are substantially similar, we will look to the Federal courts for guidance or interpretation of our own rule." Heal v. Heal, 762 A.2d 463, 466-67 (R.I. 2000). Those Rules have been reviewed and discussed in Federal Practice and Procedure, Wright, Miller Kane. Specifically, Rule 62 is discussed at Vol. 11, § 2904 (p. 501).
 "An application under Rule 62 necessarily goes to the discretion of the court. . . . The court will examine
 1. Whether the stay applicant has made a strong showing that he [it] is likely to succeed on the merits;
 2. Whether the applicant will be irreparably injured absent a stay;
 3. Whether issuance of the stay will substantially injure the other parties [Hornoff] in the proceedings, and
 4. Where the public interest lies."
 Thus, the City of Warwick, as the party seeking a stay pending appeal, must show that
 "1. They are likely to succeed on the merits;
 2. They will suffer irreparable injury unless the stay is granted;
 3. No substantial harm will come to Jeffrey Scott Hornoff and his dependents if the stay is granted; and
 4. The stay will do no harm to the public interest.
 These four elements are not designed to be applied with mathematical firmness, but rather are individually analyzed on a case-by-case basis in order to reach a balancing of the equities in each individual situation."
 Hilton v. Braunskill, 481 U.S. 770, at 777. Hornoff v. City of Warwick Police Department, (R.I.Super. 2004) 2004 WL 877574
Accordingly, before this Court considers issuance of a stay here, the moving party must establish that it has requested a stay in the forum below (in this instance, before the zoning board of appeals), and has clearly demonstrated a substantial interest which would be placed at risk without the stay. Where the moving party has made that initial showing, the Court will hold an Evidentiary Hearing to determine whether a substantial interest is truly at stake, using the factors set forth inHornoff, above. If appropriate, the Court will consider conditioning any stay upon the filing of a supersedeas bond, sufficient to protect the nonmoving party burdened by the stay.
As Plaintiffs-Appellants have not demonstrated that they requested a stay before the Zoning Board of Appeals, the motion for a stay is denied without prejudice.
[1] The amount of a supersedeas bond generally reflects the amount "needed to satisfy the judgment appealed from, as well as costs, interests, and any damages which might be caused by the stay pending appeal." DiLuglio v. Petrarca, 1998 WL 64187 (R.I.Superior Court, Gibney, J., 1998) citing 11 Wright Miller § 2905 at 522.