**DISCOVER BANK**

v.

**Diane O'Brien AUTY.**

**No. 2011–215–APPEAL.**

Supreme Court of Rhode Island.

June 13, 2012.

---

John MacFadyen.

## ORDER

This case came before this Court in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the record and the appellant's prebriefing statement, we proceed to decide the case at this time without further briefing or argument.

This case is before the Court on appeal by Attorney Michael Swain, from the imposition of sanctions pursuant to Rule 11 of the Superior Court Rules of Civil Procedure. On appeal, the appellant argues, among other things, that the hearing justice erred in failing to provide the appellant with proper notice of a potential Rule 11 sanction, on June 6, 2011, when he was directed to appear, thus depriving him of a meaningful opportunity for hearing, and in so doing, violated the appellant's constitutional due process rights.

This Court has previously stated that, although a trial justice has considerable latitude in imposing Rule 11 sanctions, "[a]bsent extraordinary circumstances, due process requires that an offender be given notice and an opportunity to be heard before sanctions are imposed." *Michalopoulos v. C & D Restaurant Inc.*, 847 A.2d 294, 302 (R.I.2004) (quoting *Heal v. Heal* 762 A.2d 463, 469 (R.I.2000)).

In this instant case, although the appellant was instructed on June 3, 2011, to appear before the hearing justice on June 6, 2011, nothing in the record before this Court indicates that the appellant was provided with notice as to why he was summoned to appear. As in *Heal*, 762 A.2d at 469, "[n]o notice or [meaningful] opportunity to be heard in the form of a show cause order or otherwise was afforded before the sanctions were imposed."

Additionally, we recognize that Rule 11 states in pertinent part that:

"Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and telephone number shall be stated. * * * A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address and telephone number. * * * If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, any appropriate sanction * * *."

Accordingly, the order imposing sanctions is vacated, and the case is remanded to the Superior Court for further proceedings in accordance with this order, so that counsel may be afforded adequate notice and an opportunity to be heard on the imposition of sanctions against him.

On remand, the trial justice shall address the applicability of Rule 11 to the circumstances of this case and make findings relative to whether or not the appellant violated this rule.